In re Corinna M. **PERKINS,** Debtor.

Corinna M. Perkins, Plaintiff,

v.

**Coordinating Board for Higher Education, Missouri Student Loan Program, United States Department of Education, Karla Stroup, Commissioner of Higher Education of the Coordinating Board for Higher Education and Karen Misjak, Director, Missouri Student Loan Program, Defendants.**

Bankruptcy No. 98–42428–172.
Adversary No. 98–4132–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Dec. 10, 1998.

Charles H. Huber, St. Ann, MO, for Debtor.

Douglas E. Nelson, Jefferson City, MO, Assistant Attorney General, State of Missouri.

Wesley D. Wedemeyer, St. Louis, MO, Assistant United States Attorney.

Charles Riske, Clayton, MO, Trustee.

## ORDER

JAMES J. BARTA, Chief Judge.

This matter is before the Court on an Amended Motion to Dismiss the Adversary Complaint. The amended motion was filed on behalf of the Coordinating Board for Higher Education ("CBHE"); the Missouri Student Loan Program ("MSLP"); Karla Stroup, Commissioner of Higher Education of the CBHE; and Karen Misjak, Director of the MSLP (collectively, "Defendants"). After settlement discussions were unsuccessful, the Parties submitted the matter to the Court on the pleadings and the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The complaint was originally filed by Corinna M. Perkins ("Debtor") against the CBHE, the MSLP, and the United States Department of Education. The Debtor requested a determination that the student loans owed by the Debtor were dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B) as imposing an undue hardship on the Debtor due to her severe health problems and inability to work.

The MSLP, a program administered by the Missouri CBHE, a state agency pursuant to §§ 173.100, 173.005.2, and 173.110 Revised Statutes of Missouri ("RSMo") 1994, filed a Motion to Dismiss based on the principle of Sovereign Immunity that protects a state and state agencies from suit in federal court under the Eleventh Amendment (File Document No. 5).

Thereafter, the Debtor amended her complaint to include two individuals, Karla Stroup and Karen Misjak (the "Individuals"), and to add Count II that requested an order enjoining the Individuals from pursuing the Debtor for payment of the student loan debt. (File Document No. 11). In its answer to the Amended Complaint, the United States De-

partment of Education ("Department") requested that it be dismissed from this suit stating that no relief need be sought or granted against the Department (File Document No. 15). The Department stated that the student loan in question is of the type that is generally reinsured or financed by the Federal government; and that loans of this type are now held by and owed to other parties that are fully empowered to represent the Federal defendant's interest in such loans. The Department further stated that it would be bound by any determination of the Court in this Adversary Proceeding in the event that such loans are later transferred to the Department.

The CBHE, the MSLP, and the Individuals responded to the Amended Complaint by filing the Amended Motion to Dismiss (File Document No. 16) that is being determined here. The CBHE and the MSLP reasserted their immunity from suit as agencies of the State of Missouri pursuant to the Eleventh Amendment. The Individuals contended that the doctrine described at *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), does not apply to the Individuals in this instance because there is no ongoing violation of a federal law or constitutional right. The Individuals argued further that they are immune from suit for their discretionary acts as state officers because the same Eleventh Amendment provisions that provide Sovereign Immunity to the State of Missouri extend to them in the performance of their official duties.

■ The issue of whether a particular debt is subject to an exception to discharge is a matter of federal law governed by the terms of the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 283, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). Section 523(a) lists some of the kinds of debts that are excepted from discharge, and provides the authority for affirmative defenses that may be raised against collection activity with respect to particular debts. *See* 11 U.S.C. § 523(a). In

certain instances, where a complaint objecting to discharge must be brought within a certain time period, the Bankruptcy Court has exclusive jurisdiction to make the determination as to dischargeability. *See* 11 U.S.C. §§ 523(a)(2), (4), (6), (15), (c), and (d); Fed.R.Bankr.P. 4007; *In re McKendry (Resolution Trust Corporation v. McKendry),* 40 F.3d 331, 335–6 (10th Cir.1994). In the remaining instances, federal and state courts have concurrent jurisdiction to determine exceptions to discharge under federal bankruptcy law. *McKendry,* 40 F.3d at 335, FN 3. In those instances involving concurrent jurisdiction in a non-bankruptcy court, the debtor may invoke any defenses provided by the bankruptcy code. *Id.* at 336. The version of Section 523(a)(8) that applies to this matter excepts certain student loan debts from discharge subject to certain defenses as provided in subparagraphs (A) and (B), and is among the group of subsections that grant concurrent jurisdiction to state and federal courts.[1]

The applicable version of Section 523(a)(8) provides an exception to discharge of debts "for an educational benefit overpayment or loan, made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents".

11 U.S.C. § 523(a)(8).

■ The Bankruptcy Code does not require that an adversary complaint or non-

---

1. In 1998, Congress amended Section 523(a)(8) and deleted any reference to non-dischargeability based upon the date on which the debt became due. It appears that as a result, only undue hardship is a basis for non-dischargeability of student loans after the effective date of the

amendment. The Congressional action has no effect on the matter being considered here. *See* Higher Education Amendments of 1998, Pub.L. 105–244, Title IX, § 971(a), October 7, 1998, 112 Stat. 1581.

bankruptcy lawsuit be filed for a debt described in Section 523(a)(8) to be excepted from discharge. If a specific determination to the contrary has not been entered in the bankruptcy case, by operation of the Bankruptcy Code the student loan debt is not discharged unless and until a court of competent jurisdiction determines that it is to be discharged pursuant to federal bankruptcy law. 11 U.S.C. § 523(a)(8).

In the case at bar, the Debtor filed this Adversary Complaint against CBHE, an agency of the State of Missouri; MSLP, a program operated by that agency; and two individuals who are officers of the agency and of the program. It was the Debtor's contention that sovereign immunity is waived to the extent that government insured student loans are dischargeable under the applicable provisions of Section 523(a)(8). She argued further that under the doctrine of *Ex parte Young*, even if the State enjoyed immunity from her suit, the State's sovereign immunity did not extend to future acts of the Individuals such as the collection of this student loan debt.

There is no allegation in this matter that the student loans first became due more than seven years prior to the commencement of this case. Therefore, the Debtor has not disputed the contention that subparagraph (A) of Section 523(a)(8) is not applicable in this matter. However, the Debtor argued that excepting these loans from discharge would be an undue hardship based on her serious health problems and her inability to seek employment. Therefore, she requested that the debt be discharged pursuant to 11 U.S.C. § 523(a)(8)(B).

 The Eleventh Amendment bars suits against non-consenting states by their own citizens, by citizens of another state, by citizens of foreign nations, or by foreign nations. U.S. Const., Amend. XI. This immunity from suit extends to state officials acting in their official capacity where the action is in fact against the state as the real party in interest. *Lilley v. State of Missouri*, 920 F.Supp. 1035, 1039–40 (E.D.Mo.1996) *citing Ford Motor Co. v. Dept. of Treasury of State of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350–51, 89 L.Ed. 389 (1945). A state is the

real party in interest if a decision favorable to the plaintiff would operate against the sovereign by compelling the state to act or refrain from acting. *Lilley*, 920 F.Supp. at 1040 *citing Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100–01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (*Pennhurst II*). The Eleventh Amendment bars suit against state officers who are "joined as collective representatives of the state, not as individuals against whom a personal judgment is sought". *Lilley*, 920 F.Supp. at 1040 *citing Ford Motor Co.*, 323 U.S. at 463–64, 65 S.Ct. at 350.

The narrow exception to this rule is found in the doctrine of *Ex parte Young*, wherein the Supreme Court held that the Eleventh Amendment did not bar an action in federal court seeking to enjoin state officials from enforcing a state statute in violation of the federal constitution. *Ex parte Young*, 209 U.S. at 134, 28 S.Ct. at 446. Traditionally, an *Ex parte Young* action is a suit against a state official where that suit seeks only prospective injunctive relief in order to "end a continuing violation of federal law". *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 1132, 134 L.Ed.2d 252 (1996) *citing Green v. Mansour*, 474 U.S. 64, 68 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985).

It is undisputed that CBHE and MSLP are agencies of the State of Missouri and that the Individuals were named in the suit because of their status as officers of these State agencies.

 In this matter, the State's claim of Sovereign Immunity is well taken. The State is the holder of a student loan owed by the Debtor, that first became due less than seven years prior to the filing of the Chapter 7 Petition. No Court has determined that the debt is to be discharged under Federal law. Nothing in this record suggests that the State has waived its Sovereign Immunity. Therefore, the Debtor is unable to invoke the jurisdiction of the bankruptcy court under 11 U.S.C. § 523(a)(8)(B) for the purpose of determining the dischargeability of the student loan debt owed to the State of Missouri. This conclusion is without prejudice to an adjudication of the debt's dischargeability in

another forum which may have jurisdiction over the State of Missouri.[2]

 Under the circumstances here, the *Ex parte Young* doctrine does not operate to permit the Bankruptcy Court to enjoin the Individuals from taking any action to collect the student loan debt that is owed to the State of Missouri. Absent a judicial determination that the debt is discharged, the debt remains not dischargeable. Absent an expansive application of the *Ex parte Young* doctrine, the record has presented no authority for the Court to prospectively enjoin the Individuals from attempting to collect a student loan debt that has not been determined to be discharged where such efforts do not otherwise violate federal law. As officers of the CBHE and MSLP, the Individuals are responsible for the collection of debts owed under the program. Such action is a function of their official duties and is protected from suit by the same doctrine of Sovereign Immunity that bars suit against the State.

**IT IS ORDERED** that this matter is concluded; and that the Defendants' Amended Motion to Dismiss the Debtor's Amended Adversary Complaint is **GRANTED;** and that the Debtor's complaint to determine that certain student loan debts owed to the Defendants are not dischargeable under 11 U.S.C. § 523(a)(8)(B) is denied as being barred pursuant to the Sovereign Immunity provisions of the Eleventh Amendment of the United States Constitution; and that all other requests in this matter are denied consistent with the determinations on this motion.

---

**2.** Under Section 523(a)(8), a student loan is not dischargeable unless determined otherwise. In this matter, it has been determined that a debtor may not sue the State of Missouri or certain state officials in federal court to obtain a discharge of the debt. It is beyond the scope of this matter to discuss the possibility that a debtor may raise Section 523(a)(8) as an affirmative defense in a non-bankruptcy collection suit.