**In re Corwyn Len HOLLAND and Linda Elizabeth Holland, Debtors.**

**Corwyn Len Holland and Linda Elizabeth Holland, Plaintiffs,**

**v.**

**U.S. Department of Education, Kala M. Stroup, Commissioner of Education, Karen Misjak, Director of the Missouri Student Loan Program, and United Student Aid Funds, Defendants.**

Bankruptcy No. 97–20530.
Adversary No. 98–2017.

United States Bankruptcy Court,
W.D. Missouri.

Jan. 25, 1999.

Gary W. Smith, Sedalia, MO, for Debtors/Plaintiffs.

Douglas E. Nelson, Asst. Attorney General for the State of Missouri.

Judith M. Strong, Kansas City, MO, Asst. U.S. Attorney.

## MEMORANDUM OPINION AND ORDER

FRANK W. KOGER, Chief Judge.

Debtors originally filed a Complaint to Determine Dischargeability, naming the United States Department of Education ("Department of Education") as the sole defendant, seeking to have Debtor Linda Elizabeth Holland's student loans declared dischargeable under § 523(a)(8)(B). At the same time, the debtors had also filed separate § 523(a)(8) adversary complaints against Sallie Mae, the Missouri Coordinating Board for Higher Education, and United Student Aid Funds ("USAF"), seeking to have student loans held by them discharged as well.

In this particular case, the United States of America, on behalf of its agency, the Department of Education, filed an Answer and a Motion to Dismiss this adversary proceeding on the ground that while the loans in question were made under federal student loan programs and were federally reinsured or financed through the Department of Education, they were held by and owed to other parties (i.e., Sallie Mae, the Missouri Coordinating Board for Higher Education, and USAF) who are fully empowered by statute to represent the Department of Education in such matters. The Department of Education further asserted that in the event the loans were eventually transferred to it (pursuant to the federal reinsurance agreements), it would be bound by the decisions made in the adver-

sary actions against those agencies and so no relief was needed as against the U.S. Department of Education. In other words, if the student loans were declared dischargeable in the separate adversary actions against Sallie Mae, the Missouri Coordinating Board for Higher Education, and/or USAF, and the loans were then transferred back to the Department of Education, then the Department of Education would be bound by the finding of dischargeability in those cases and could not attempt to collect on the loans.

On July 30, 1998, this Court dismissed the adversary actions as against Sallie Mae and the Missouri Coordinating Board for Higher Education because, as state agencies, they were protected by Eleventh Amendment sovereign immunity. Those adversary cases have been closed. On August 11, 1998, this Court entered an Order granting default judgment against USAF in the adversary case against that agency due to its failure to answer. That case is also closed. Thus, the only remaining adversary case regarding the Hollands' student loans is this one.

On August 11, 1998, the Court held a hearing on this Complaint, at which time counsel for the debtors conceded that the Department of Education did not hold the student loans in question and requested permission to amend the pleadings to add USAF as a defendant in this particular adversary proceeding. The Minutes for this hearing indicate that the Court announced it would permit the debtors to amend their Complaint in this action to add the proper party or parties as defendants, and then, after the proper party or parties were named as defendants, the Court would grant the motion to dismiss the Department of Education as a defendant. The Court suggested to counsel for both sides that they work together for the purpose of getting the proper defendant or defendants named in this case.

On August 21, 1998, the debtors filed their First Amended Complaint in this proceeding, this time naming as defendants the U.S. Department of Education, Kala M. Stroup (in her capacity as Commissioner of Higher Education of Missouri), Karen Misjak (in her capacity as Director of the Missouri Student Loan Program), and USAF. Ms. Stroup and

Ms. Misjak were added as defendants as a result of this Court's articulation that some courts had suggested that bringing an action against such state officials under the *Ex parte Young*[1] doctrine may be a valid means of bringing student loan dischargeability actions against state agencies otherwise entitled to Eleventh Amendment sovereign immunity.

On August 24, 1998, the Court entered an "Order Partially Dismissing Adversary Case No. 98-2017-C-FWK" dismissing this action as to the Department of Education only for the reasons the Department had raised in its Answer and Motion to Dismiss, namely, that the loans were not currently owed to the Department of Education and that the Department would be bound by any determination made against the other defendants.

On September 28, 1998, despite the August 24 Order dismissing the case as to it, the Department of Education filed an Answer to Plaintiffs' First Amended Complaint, or in the Alternative, Motion to Dismiss the Department of Education as a Party to the Action.

On October 1, 1998, Ms. Stroup and Ms. Misjak, through the Missouri Attorney General's Office, filed a Motion to Dismiss the First Amended Complaint, alleging that *Ex parte Young* did not apply because (1) the Amended Complaint naming the state officials is really a suit against the State itself, and (2) there is no ongoing violation of federal law that would make the *Ex parte Young* doctrine applicable. The Attorney General also filed an Answer on behalf of these two defendants on October 1, 1998.

On November 24, this Court held a hearing on the issues raised by both the Department of Education and by the Missouri Attorney General's Office and hereby issues the following Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052.

## THE CASE AGAINST KALA M. STROUP AND KAREN MISJAK IN THEIR CAPACITIES AS OFFICIALS OF AGENCIES OF THE STATE OF MISSOURI

As it has expressed before, this Court empathizes with the debtors' frustration and

---

1. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

concern that after the Supreme Court's decision in *Seminole*[2] and this Court's decisions in the *Rose* cases,[3] which held that State agencies holding student loans enjoy Eleventh Amendment sovereign immunity against dischargeability actions in federal court, debtors have lost the most commonly used mechanism for discharging student loans, even in cases where repaying them truly causes an undue hardship for the debtors. With that in mind, in the July 30 Orders dismissing the State agencies in the related adversary cases, discussed above, this Court expressed some willingness to consider the suggestion that *Ex parte Young* may possibly provide the debtors with an avenue by which to bring dischargeability actions against State agencies holding student loans. However, after reviewing the suggestions filed by the Attorney General's Office and the arguments made at the November 24 hearing, and upon further research and reflection, the Court finds the action as against Ms. Stroup and Ms. Misjak should be dismissed.

 The Eleventh Amendment of the United States Constitution bars suits by citizens against non-consenting States and prohibits suits which are nominally against State officials in their official as opposed to personal capacities, where the action is in fact against the State as the real party in interest. U.S. Const., Amend. XI; *see Lilley v. State of Missouri*, 920 F.Supp. 1035, 1039–40 (E.D.Mo.1996), *aff'd* 111 F.3d 135 (8th Cir. 1997) (*citing Ford Motor Co. v. Dept. of Treasury of State of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350–51, 89 L.Ed. 389 (1945)). A State is the real party in interest if a decision favorable to the plaintiff would operate against the State by compelling the State to act or refrain from acting. *Lilley*, 920 F.Supp. at 1040. "[T]he Eleventh Amendment bars a suit against state officers who are 'joined as collective representatives of the state, [but] not as individuals against whom a personal judgment is sought.'" *Id.*

(*quoting Ford Motor Co.*, 323 U.S. at 463–64, 65 S.Ct. at 350).

 The Supreme Court provided a narrow exception to this rule in the landmark case of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). There, the Supreme Court held that the Eleventh Amendment did not bar an action seeking to enjoin a State official from enforcing a State statute in violation of federal law. *Ex parte Young*, 209 U.S. at 167, 28 S.Ct. at 457; *see also Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985). *Ex parte Young* permits a federal court to assume jurisdiction over certain individual claims, the Eleventh Amendment notwithstanding, where the suit seeks only prospective injunctive relief to prevent "a continuing violation of federal law." *Green v. Mansour*, 474 U.S. at 68, 106 S.Ct. at 426; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 1132, 134 L.Ed.2d 252 (1996). It applies, however, only where the underlying authorization upon which the named official acts is asserted to be illegal. *See B.H. Papasan v. Allain*, 478 U.S. 265, 277, 106 S.Ct. 2932, 2940, 92 L.Ed.2d 209 (1986).

 In the case at bar, with the dischargeability actions against the State agencies having been dismissed due to the State's Eleventh Amendment immunity, the debtors now seek an Order pursuant to *Ex parte Young* enjoining the State officials from taking action to collect the student loans. However, the Court believes, as the State officials contend, this action is actually a suit against the State itself because a decision favorable to the debtors (i.e., an Order enjoining the State officials from collecting the student loans) would operate against the State of Missouri itself. *See Lilley*, 920 F.Supp. at 1040. Furthermore, it is apparent that Ms. Stroup and Ms. Misjak were "joined as collective representatives of the state, not as individuals against whom a personal judg-

---

**2.** *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 1132, 134 L.Ed.2d 252 (1996).

**3.** *In re Rose*, 214 B.R. 372 (Bankr.W.D.Mo.1997), and *In re Rose*, 215 B.R. 755 (Bankr.W.D.Mo.

1997). The *Rose* decisions were affirmed by the District Court for this District on the sovereign immunity issues, but remanded for further findings on the undue hardship issue. *In re Rose*, 227 B.R. 518 (W.D.Mo.1998).

ment is sought," which is barred by the Eleventh Amendment. *Id.*

Moreover, as the State officials contend, § 523(a)(8), the provision under which this adversary action is brought, is a self-effectuating provision, presuming student loans to be nondischargeable. It requires the debtors to bring an action and meet the burden of demonstrating undue hardship. *See In re Jodoin,* 209 B.R. 132, 140 (9th Cir. BAP 1997) (debtors seeking a discharge of student loans must carry the burden of demonstrating undue hardship). Consequently, because these student loans are presumed to be nondischargeable under § 523(a)(8) unless undue hardship is proven by the debtors, the State officials can continue their collection efforts with no "ongoing violation of federal law." As a result, because Debtors have alleged no ongoing violation of federal law, *Ex parte Young* is plainly inapplicable until the debtors are able to have the debt declared dischargeable in an appropriate forum. Unfortunately, under the Eleventh Amendment, the bankruptcy court is not that forum.

Counsel for the individual defendants has brought to this Court's attention a very recent case by the Honorable James J. Barta, Chief Bankruptcy Judge for the Eastern District of Missouri, which directly addresses this very same issue. *See Perkins v. Coordinating Board for Higher Education, et al. (In re Perkins),* 228 B.R. 431 (Bankr. E.D.Mo.1998). In fact, Ms. Stroup and Ms. Misjak are named individual defendants in that case as well. In that case, Judge Barta arrived at the same conclusion reached herein, and this Court finds that decision to be the correct one.

As a result, the action against Kala M. Stroup and Karen Misjak, in their capacities as officials of agencies of the State of Missouri, must be dismissed. It appears, therefore, the debtors' only possible venue for a determination of dischargeability of these student loans owed to the State agencies may be State court.[4]

---

4. It has been held that State courts have concurrent jurisdiction to hear student loan dischargeability actions. *See Schmitt v. Missouri Western State College (In re Schmitt),* 220 B.R. 68, 73

The Court realizes that this ruling now conflicts with Judge Federman's opinion in *Schmitt v. Missouri Western State College (In re Schmitt),* 220 B.R. 68 (Bankr.W.D.Mo. 1998). However, while the view expressed by Judge Federman in *Schmitt* regarding how to obviate the *Seminole* result by use of *Ex parte Young* is appealing in that it attempts to provide debtors with an avenue for effectively discharging student loans owed to State agencies, that portion of his opinion is dicta and is not binding on this Court. Since the discussion in *Schmitt* regarding *Ex parte Young* is dicta, the question of whether there is truly a conflict between Judge Federman and this Court will be resolved when next Judge Federman visits the issue.

## THE CASE AGAINST THE UNITED STATES DEPARTMENT OF EDUCATION

As mentioned above, this Court entered an Order on August 24, 1998, after the Amended Complaint was filed, dismissing this case against the Department of Education. Therefore, its subsequently-filed Answer to Plaintiffs' First Amended Complaint, or, in the Alternative, Motion to Dismiss the Department of Education as a Party to the Action, is moot. The Department of Education has already been dismissed from this action.

However, at the November 24 hearing, the Court expressed concern regarding agreements between the Department of Education and the State agencies as to how cases such as this will be handled by the State agencies. The Court requested counsel for the Department of Education to file a brief shedding light on any such agreements. Counsel for the Department of Education has since done so.

After reviewing the Department of Education's response to this Court's request and its supporting documentation, the Court finds the "agreements" between the Department of Education and the State agencies regarding treatment of § 523(a)(8) dischargeability

---

(Bankr.W.D.Mo.1998); *Jones v. I.T.T. Technical Inst.,* 38 B.R. 968, 971 (Bankr.S.D.Ohio 1984); 11 U.S.C. § 523(a) and (c); 28 U.S.C. § 1334(b).

actions appear to be authorized by law. At this point, therefore, there appears to be no impropriety involved in the stance taken by the Department of Education in these matters.

## THE CASE AGAINST UNITED STUDENT AID FUNDS

Although USAF has been named as a defendant in the caption of the First Amended Complaint, the body of the Complaint never mentions this defendant again, except to allege that one of the student loans currently held by the Missouri Coordinating Board for Higher Education "may have previously been held or serviced by United Student Aid Funds." As a result, there are no pertinent allegations made against USAF and therefore, the case against that defendant is also dismissed.

## CONCLUSION

For the foregoing reasons, all defendants named in the First Amended Complaint to determine dischargeability of student loans have been or are hereby dismissed. The above-captioned adversary proceeding is therefore dismissed.