In re Leslie **WILSON.**

Leslie Wilson, Plaintiff,

v.

Cumis Insurance Society, Inc., and John D. Holmes, Prosecuting Attorney for Harris County Texas, in His Official Capacity Only, Defendants.

Bankruptcy No. 91–41786.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

March 23, 2000.

Keith Grayson, Little Rock, AR, for Plaintiff.

Mary E. Baker, South Bend, IN, Joni Vollman, Houston, TX, Audrianna Grisham, Little Rock, AR, for Defendants.

### ORDER DENYING MOTION TO DISMISS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court on the Motion to Dismiss filed on February 18, 1999, by the defendant John D Holmes.

In 1995, the debtor admitted to swindling over $89,500 from her employer during the period October 1988 through April 30, 1991.[1] The debtor appeared before a state district court in Texas and agreed to pay restitution, and orders were entered reflecting the plea agreement and sentence. After she committed the criminal acts, but four years before she entered into the plea agreement, the debtor twice filed petitions for relief under chapter 13 of the Bankruptcy Code. Case Number 91–41544 was filed on June 27, 1991, in the Eastern District of Arkansas and voluntarily dismissed by the debtor on July 17, 1991. Accordingly, no discharge was granted in that case. Moreover, the debtor did not list either her employer or any Texas governmental units in her petition. The debtor's second chapter 13 case, Case Number 91–41786, was filed in the Eastern District of Arkansas jointly with her husband immediately after dismissal of the first case, on July 23, 1991. Although the plan was modified at least six times,[2] and motions to add creditors were filed and allowed, no governmental unit or any individual working in any Texas criminal court

---

1. The debtor pleaded guilty to this amount, apparently the total that the Texas prosecutors were able to prove.

2. The final modification was not a true modification of the plan, but, rather, sought immediate discharge.

system was ever scheduled or listed with regard to this second bankruptcy case.

During the second chapter 13 bankruptcy case, on March 9, 1998, the debtor was arrested for failing to pay the restitution as ordered by the 337th District Court in Houston, Texas. The debtor appeared in the Texas court on March 19, 1998, and on March 27, 1998, filed her third chapter 13 petition in the Eastern District of Arkansas. This time the debtor listed the Texas authorities on her schedules. The debt was listed as "disputed" and no reference in the plan was made to the debt. The plan, confirmed on July 13, 1998, without objection, provided that unsecured creditors would be paid *pro rata* from the plan payments, but made no explicit reference to any particular debt, but provided that disputed debts would not be paid.

The Texas authorities continued with their efforts to enforce the dignity of the state court, prompting the debtor's attorney to write letters to the district attorney and the state court judge. The letters asserted, without any supporting information, that the restitution debt had been discharged in a prior bankruptcy. In order to finally determine whether the debt was discharged, the debtor was permitted to reopen her 1991 chapter 13 case and file this adversary proceeding seeking determination of the dischargeability of the restitution debt. All of the defendants answered the complaint and the defendant Holmes now moves for dismissal for lack of subject matter jurisdiction on the basis that this action is, in essence, against the state of Texas such that he is immune from suit under the Eleventh Amendment to the United States Constitution.

■ The Eleventh Amendment, a limit on the jurisdiction of the federal courts, states: "The judicial power of the United States does not extend to suit against a state by citizens of another state." Thus, the Eleventh Amendment precludes, absent a waiver of sovereign immunity either by the United States Congress pursuant to a valid power or by the state itself, suit against the state instrumentality in the federal court. That is, the Eleventh Amendment prevents Congress from passing laws that permit suits against a state without the state's consent.

Since the Supreme Court decision in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the courts have consistently applied *Seminole* to preclude suits in the bankruptcy context against state agencies which have not waived sovereign immunity in the bankruptcy case. *See, e.g., NVR Homes v. Moon Area School District (In re NVR Homes, Inc.)*, 189 F.3d 442 (4th Cir.1999), *Innes v. Kansas State University (In re Innes)*, 184 F.3d 1275 (10th Cir. 1999); *Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania (In re Sacred Heart Hospital of Norristown)*, 133 F.3d 237 (3d Cir.1998); *Schlossberg v. State of Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.)*, 119 F.3d 1140 (4th Cir.1997); *see Rose v. U.S. Department of Education (In re Rose)*, 187 F.3d 926 (8th Cir.1999).

■ The Eleventh Amendment is not, however, a talisman providing state agencies with the authority or right to ignore federal law. The state and its agencies are bound by federal law, just as any other creditor. The state must respect and comply with the Bankruptcy Code, including provisions regarding the automatic stay, 11 U.S.C. § 362, the discharge injunction, 11 U.S.C. § 524, and prohibitions against discriminatory treatment, 11 U.S.C. § 525. Thus, although, absent a waiver, a suit may not be maintained in the federal bankruptcy court against the state to enforce the Bankruptcy Code, the state is still obligated to comply with the provisions of the Code.

■ The Eleventh Amendment, therefore, precludes the debtor from suing the State of Texas, even to merely determine the dischargeability of a particular debt. The debtor, however, has not named as a party defendant the State or Texas or any other unit of the State. Rather, the debtor names as party defen-

dant, John Holmes, the prosecuting attorney for Harris County, Texas, in his official capacity.[3] Holmes moves to dismiss the complaint on the basis that the complaint is, in effect, a suit against the state because a suit against one acting on behalf of the state in an official capacity is a suit against the entity.

 In *Seminole*, the majority specifically noted the ability of a party aggrieved by state noncompliance with federal law to sue the state officer in order to compel a remedy for ongoing violations of federal law, citing *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), *Seminole*, 517 U.S. at 71–72, 116 S.Ct. 1114, nn. 14, 16. Moreover, the Supreme Court reiterated the importance of this doctrine in *Alden v. Maine*, 527 U.S. 706, ——, 119 S.Ct. 2240, 2262, 144 L.Ed.2d 636 (1999). "In particular, the exception to our sovereign immunity doctrine recognized in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), is based in part on the premise that sovereign immunity bars suits against States and their officers in both state and federal courts, and that certain suits for declaratory or injunctive relief against state officers must therefore be permitted if the Constitution is to remain the supreme law of the land." The doctrine of *Ex parte Young* thus exists to uphold Congressional intent and provisions of federal law, and permits suits against the state officials to obtain injunctive relief. *See Seminole*, 517 U.S. at 71 n. 14, 116 S.Ct. 1114 ("[A]n individual can bring suit against a state officer in order to ensure that the officer's conduct is in compliance with federal law, *see, e.g., Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)"). The *Young* doctrine applies narrowly in cases in which there is an ongoing violation of federal law and where the statute in question does not establish a detailed remedial scheme for enforcement against a state of a statutorily

created right. *Goldberg v. Ellett*, 243 B.R. 741 (9th Cir. BAP 1999).

The complaint in this proceeding seeks to enjoin the probation revocation proceedings pending resolution of the separate adversary proceedings, *Wilson v. Cumis*, 99–4077, to determine the dischargeability of the restitution debt. That adversary proceeding seeks a determination as to whether the restitution debt owed to the state of Texas was discharged in the debtor's 1991 chapter 13 bankruptcy case. Specifically, the complaint alleges that the Harris County, Texas prosecuting attorney has instituted proceedings to revoke her probation in a criminal proceeding for failure to pay a discharged debt, in violation of federal bankruptcy law. The debtor seeks an order enjoining those state court proceedings until such time as this Court determines whether the debt was discharged. Debtor thus seeks prospective relief to prevent an alleged continuing violation of federal law, circumstances permitting application of the *Young* doctrine. *See Goldberg v. Ellett*, 243 B.R. 741 (9th Cir. BAP 1999)(proceeding to enforce the § 524 discharge injunction); *DeAngelis v. Laskey (In re DeAngelis)*, 239 B.R. 426 (Bankr.D.Mass.1999)(determination of dischargeability of income taxes), *Schmitt v. Missouri Western State College (In re Schmitt)*, 220 B.R. 68 (Bankr.W.D.Mo. 1998), *see also Kahl v. Texas Higher Education Coordinating Board (In re Kahl)*, 240 B.R. 524 (Bankr.E.D.Pa.1999).

While it is true that there is authority to the contrary, *see, e.g., Stout v. U.S. Department of Education (In re Stout)*, 231 B.R. 313 (Bankr.W.D.Mo.1999), *Perkins v. Coordinating Board for Higher Education (In re Perkins)*, 228 B.R. 431 (Bankr. E.D.Mo.1998), these authorities relate solely to dischargeability provisions which are not self-executing, *i.e.*, section 523(a)(8) relating to student loans. These authorities conclude that since section 523(a)(8) requires that a determination of undue hardship be made before the debt is ren-

---

**3.** Under Texas law, the prosecuting attorney is an official of the state.

dered nondischargeable, there can be no violation of the Bankruptcy Code until the determination is made, *i.e.*, if there is no ongoing violation of the Bankruptcy Code, and *Ex parte Young* does not apply. In addition to being factually inapposite from the situation in this case, the discussions in these cases appear to ignore the holding and reasoning in *Young*. *See Goldberg v. Ellett,* 243 B.R. 741 (9th Cir. BAP 1999).

Inasmuch as the doctrine espoused in *Ex parte Young* applies to permit an injunction to prevent a continuing violation of the Bankruptcy Code, the action against John Holmes, in his capacity as prosecuting attorney for Harris County, Texas, may proceed. Accordingly, it is

**ORDERED** the Motion to Dismiss, filed on February 18, 2000, by the *defendant* John D. Holmes, is DENIED.

**IT IS SO ORDERED.**