**In re David L. PALM, Debtor.**

**David L. Palm, Plaintiff,**

v.

**Dennis Stack and Illinois Department of Revenue, Defendants.**

**Bankruptcy No. 97–01265F.
Adversary No. 02–09084.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 25, 2002.

---

Charles A. Walker, Fort Dodge, IA, for David L. Palm.

Val C. Simhauser, Office of the Attorney General, Springfield, IL, for Dennis Stack and Illinois Department of Revenue.

## ORDER RE: MOTION TO DISMISS

WILLIAM L. EDMONDS, Bankruptcy Judge.

On June 12, 2002, plaintiff David L. Palm filed the complaint in this adversary proceeding, alleging that he received a bankruptcy discharge in 1997, that debts owed to the State of Illinois for income taxes were thereby discharged, and that the defendants have attempted to collect those debts in violation of the discharge injunction. The complaint prays that the Illinois Department of Revenue and Dennis Stack, a manager for the department, be held in civil contempt. Although Palm did not refer to 11 U.S.C. § 523(a)(1), the complaint prays further for a determination that the taxes were discharged.

On July 15, 2002, defendants moved for dismissal of the complaint on grounds of sovereign immunity. Palm does not contend that the defendants have waived immunity. Telephonic hearing on the matter was held August 30, 2002. Charles A. Walker appeared for Palm. Val C. Simhauser, Assistant Illinois Attorney General, appeared on behalf of both defendants.

 The case of *Nelson v. LaCrosse County District Attorney*, 301 F.3d 820 (7th Cir.2002), cited by the defendants,

provides a thorough analysis of recent developments in the law of sovereign immunity. *See also Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania (In re Sacred Heart Hospital of Norristown)*, 133 F.3d 237 (3d Cir.1998); Klee, Johnston & Winston, *State Defiance of Bankruptcy Law*, 52 Vand. L.Rev. 1527 (1999). The Supreme Court holds an expansive view of sovereign immunity. The principle does not derive from the Eleventh Amendment, but rather it is said to be inherent in the structure of the original Constitution. *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 2253–54, 144 L.Ed.2d 636 (1999); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 117 S.Ct. 2028, 2033, 138 L.Ed.2d 438 (1997); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996). Nor is the scope of the right defined by the text of the Eleventh Amendment.

> [W]e have understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition which it confirms. That presupposition ... has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.

*Seminole Tribe*, 116 S.Ct. at 1122 (internal quotes and citations omitted).

■ Generally, a state may not be sued in federal court without its consent, even when the subject of the suit is an area controlled exclusively by federal law. *Seminole Tribe*, 116 S.Ct. at 1131. Moreover, a state's sovereign immunity extends to other tribunals. *See Alden v. Maine*, 119 S.Ct. at 2263–66 (common law sovereign immunity prevents individual suit in state court to enforce Article I rights against unconsenting state); *Federal Mar-itime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 122 S.Ct. 1864, 1872–75, 152 L.Ed.2d 962 (2002) (sovereign immunity applicable in proceedings before administrative law judge of federal agency). The type of relief requested by a plaintiff suing a state is irrelevant to the question whether the suit is barred by sovereign immunity. *Seminole Tribe*, 116 S.Ct. at 1124.

■ The Court in *Seminole Tribe* held that Congress may not abrogate the sovereign immunity of a state for the enforcement of federal law enacted pursuant to its Article I powers. 116 S.Ct. at 1125–28 (overruling *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989)). The only source of congressional authority for abrogation of state immunity is § 5 of the Fourteenth Amendment. *Id.; Nelson v. LaCrosse*, 301 F.3d at 829–30. Several courts have determined that 11 U.S.C. § 106(a), purporting to abrogate states' immunity in bankruptcy matters, was not enacted pursuant to § 5, the enabling clause of the Fourteenth Amendment, and is unconstitutional as applied to states. *See, e.g., In re Sacred Heart Hospital*, 133 F.3d at 243–45; *Schlossberg v. State of Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.)*, 119 F.3d 1140, 1145–47 (4th Cir.1997), *cert. denied*, 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998); *DeAngelis v. Laskey (In re DeAngelis)*, 239 B.R. 426, 430–31 (Bankr.D.Mass.1999).

■ With exceptions not relevant here, the State of Illinois has claimed general immunity from suit. 745 Ill. Comp. Stat. § 5/1; *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir.2001), *cert. denied by*, 535 U.S. 971, 122 S.Ct. 1439, 152 L.Ed.2d 383 (2002). The Illinois Department of Revenue, as a "code department," is part of the executive branch of the government and an agency of the State. 20 Ill. Comp. Stat.

§ 5/5–15; *Decker v. University Civil Service System Merit Board*, 85 Ill.App.3d 208, 40 Ill.Dec. 472, 406 N.E.2d 173, 177 (1980). The Department of Revenue is entitled to the same immunity enjoyed by the State of Illinois. *See Nelson v. LaCrosse*, 301 F.3d at 827 n. 7 (Eleventh Amendment immunity of "States" extends to state agencies and departments).

■ Defendant Dennis Stack is a manager for the Department of Revenue. Generally, a state employee acting in his official capacity is treated as an agent of the state for purposes of immunity from suit. *Id.; Welch v. Illinois Supreme Court*, 322 Ill.App.3d 345, 256 Ill.Dec. 350, 751 N.E.2d 1187, 1192–93 (2001). This court may exercise jurisdiction over the defendants only to the extent permitted by the principles of sovereign immunity.

■ An important exception to sovereign immunity is the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which recognizes federal court jurisdiction over suits brought against state officers and alleging conduct in violation of federal law. *Coeur d'Alene*, 117 S.Ct. at 2034; *id.* at 2043 (O'Connor, J., concurring in part and concurring in the judgment); *see also Seminole Tribe*, 517 U.S. 44, 116 S.Ct. 1114, 1178–81, 134 L.Ed.2d 252 (Souter, J., dissenting) (discussing history of the doctrine). The *Ex parte Young* doctrine has been accepted as a necessary exception to sovereign immunity which assures the vindication of federal rights and the supremacy of federal law. *Coeur d'Alene*, 117 S.Ct. at 2045–46 (O'Connor, J., concurring in the judgment) (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)); *In re DeAngelis*, 239 B.R. at 431. The doctrine does not permit entry of a money judgment against a state official for past violations of law. The plaintiff may seek only prospective declaratory or injunctive relief. *Coeur d'Alene*, 117 S.Ct. at 2034; *In re DeAngelis*, 239 B.R. at 431; *cf. Alden v. Maine*, 119 S.Ct. at 2267 (noting money damages may be had from officer personally when wrongful conduct is "fairly attributable to the officer himself").

■ The theory of the doctrine, sometimes called a "fiction," is that a state officer is not an agent of the state for purposes of sovereign immunity, because the state cannot authorize its officers to violate federal law. *Coeur d'Alene*, 117 S.Ct. at 2034; *Goldberg v. Ellett (In re Ellett)*, 254 F.3d 1135, 1138 (9th Cir.2001), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002); *In re DeAngelis*, 239 B.R. at 431.

The underlying dispute in the *Coeur d'Alene* case was whether the bed and banks of Lake Coeur d'Alene and various connecting rivers were owned by the Coeur d'Alene Tribe or by the State of Idaho. 117 S.Ct. at 2031. In form, the complaint prayed for prospective declaratory and injunctive relief against a state official named in his individual capacity. The nature of the case, however, was unusual. The Court viewed it as the functional equivalent of a quiet title action implicating "special sovereignty interests." *Id.* at 2040. The plaintiffs sought "far-reaching and invasive relief." *Id.* The Court reaffirmed the validity of the *Ex parte Young* doctrine, but held that the doctrine is not applicable in every case pleading prospective relief against a state official. *Id.* at 2034.

The full significance of the holding of *Coeur d'Alene* is not clear. Justice Kennedy, writing the principal opinion, would have taken a case-by-case balancing approach to the *Ex parte Young* doctrine. The analysis would weigh state interests against the duty of state officials to respect

the supremacy of federal law. *Id.* at 2035–40. However, Chief Justice Rehnquist was the only member of the Court to join that portion of the opinion. Justice O'Connor, concurring in the decision and joined by Justices Scalia and Thomas, criticized this attempt to replace a "straightforward inquiry" with a "vague" test. *Id.* at 2047.

Courts of Appeals in two circuits have construed *Coeur d'Alene* narrowly. *Goldberg v. Ellett (In re Ellett)*, 254 F.3d 1135, 1143 (9th Cir.2001) (issue is not whether suit implicates a "core area of sovereignty," but whether "relief requested would be so much of a divestiture of the state's sovereignty as to render the suit as one against the state itself"), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002); *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323, 347–48 (7th Cir.2000) (*Ex parte Young* doctrine inapplicable to "particular and special circumstances" in *Coeur d'Alene*; states' interests in telecommunications regulation not equivalent to Idaho's interest in its land), *cert. denied by*, 531 U.S. 1132, 121 S.Ct. 896, 148 L.Ed.2d 802 (2001).

In *Seminole Tribe*, plaintiffs sought to enforce a provision of the Indian Gaming Regulatory Act requiring states to negotiate in good faith with Indian tribes for the purpose of making an agreement regarding gaming activity. The IGRA contained a "detailed remedial scheme" for enforcement of the law against states. The Court first held that the Constitution did not give Congress authority to subject unconsenting states to suit in federal court to enforce the IGRA. *Seminole Tribe*, 116 S.Ct. at 1125–28. The Court then barred the plaintiffs' attempt to enforce the statute through an *Ex parte Young* action. *Id.* at 1132–33. The Court stated that the "detailed remedial scheme" of the IGRA indicated congressional intent to limit significantly the remedies available for enforcement of the statute against states. The Court concluded that permitting an *Ex parte Young* action would conflict with that intent. *Id.* In response to Justice Stevens's dissent, the Court noted that relief under *Ex parte Young* remains available to ensure state compliance with bankruptcy laws and other federal statutes. *Id.* at 1131 n. 16.

A number of courts have permitted use of the *Ex parte Young* doctrine in debtors' suits to determine the dischargeability of debt, notwithstanding the *Seminole Tribe* and *Coeur d'Alene* decisions. In *DeAngelis v. Laskey (In re DeAngelis)*, 239 B.R. 426 (Bankr.D.Mass.1999), the court held that the debtor could invoke the *Ex parte Young* doctrine for determination of the dischargeability of debt for state income taxes. In *In re DeAngelis*, the commissioner of revenue for the Commonwealth of Massachusetts was the sole named defendant. The Commonwealth moved to dismiss the complaint on the basis of immunity, arguing that the Commonwealth, not Mr. Laskey, was the real party in interest. Anticipating the debtor's position pursuant to *Ex parte Young*, the Commonwealth made two arguments against the doctrine's application. First, it contended that an injunction does not exist until debt is determined to be nondischargeable, so that the debtor's complaint did not allege an ongoing violation of federal law. Second, it argued that the collection of taxes involves a "special sovereignty interest" comparable to the state's interests at stake in the *Coeur d'Alene* case. The court rejected the first argument as a misstatement of the law. Moreover, it disagreed that the "special sovereignty interest" language in *Coeur d'Alene* required a more narrow application of the *Ex parte Young* doctrine, because only two justices had adopted that view. The court denied the Commonwealth's motion to dis-

miss as to the debtor's requests for declaratory and injunctive relief; it granted the motion, however, as to claims for a return of funds collected and for attorney fees.

In *Goldberg v. Ellett (In re Ellett)*, 254 F.3d 1135 (9th Cir.2001), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002), a Chapter 13 debtor filed a complaint to determine whether California income tax obligations had been discharged in his Chapter 13 case. The complaint named a state tax official as the defendant. The bankruptcy court denied the state official's motion to dismiss, and the Bankruptcy Appellate Panel for the Ninth Circuit affirmed, finding that the action fit the "classic definition" of an *Ex parte Young* case. *Goldberg v. Ellett*, 243 B.R. 741, 744 (9th Cir. BAP 1999). The Ninth Circuit affirmed. The Circuit Court first discussed recent case law affirming that a state is bound by a discharge order, regardless of whether it has participated in the case. 254 F.3d at 1139–41. Although the discharge order prevents the state from collecting a debt that would otherwise be owing to it, the bankruptcy case is not a "suit" against the state for purposes of the Eleventh Amendment. 254 F.3d at 1141.

The Ninth Circuit then held that the debtor could enforce the discharge order under the *Ex parte Young* doctrine by seeking prospective declaratory and injunctive relief against the state tax official. In a lengthy discussion, the court rejected the tax official's arguments that the Supreme Court's recent decisions in *Seminole Tribe* and *Coeur d'Alene* foreclosed use of the doctrine in the case before it. *In re Ellett*, 254 F.3d at 1141–47. The Circuit Court stated that the question after *Coeur d'Alene* is not whether collection of taxes is an important sovereignty interest, but whether the specific relief requested would operate as a divestiture of state

sovereignty. 254 F.3d at 1143–44. The fact that the relief requested by the debtor would have an effect on the state's treasury does not change the action into one against the state for purposes of sovereign immunity. *Id.* at 1144 (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). The availability of a state forum is irrelevant to the analysis. *Id.* at 1145 (explaining *Coeur d'Alene*). Finally, the Ninth Circuit distinguished *Seminole Tribe*, in which the Supreme Court held that the "detailed remedial scheme" of the Indian Gaming Regulatory Act indicated congressional intent to foreclose the availability of *Ex parte Young* relief to enforce the IGRA. The Bankruptcy Code does not limit the remedies available to enforce its substantive provisions against states. *Id.* at 1145–47.

In *Kish v. Verniero (In re Kish)*, 221 B.R. 118, 133–40 (Bankr.D.N.J.1998), after an extensive discussion of the *Ex parte Young* doctrine, the court held that it had jurisdiction in an action against state officials to determine whether motor vehicle surcharges had been discharged in the debtor's Chapter 7 case.

Other courts have favorably discussed the application of *Ex parte Young* to dischargeability proceedings. In *Claxton v. United States (In re Claxton)*, 273 B.R. 174, 184–86 (Bankr.N.D.Ill.2002), the court granted the motion of the State of Illinois to strike the debtor's claim for declaratory judgment for dischargeability of taxes. The decision, however, was without prejudice to filing an amended complaint to meet the pleading requirements of *Ex parte Young*. *Cf. Nelson v. LaCrosse*, 301 F.3d at 836 (*Ex parte Young* issue not timely raised).

In *Kahl v. Texas Higher Education Coordinating Board (In re Kahl)*, 240 B.R. 524, 536 (Bankr.E.D.Pa.1999), the debtor filed a complaint for a determination that

her student loans were dischargeable as an "undue hardship." The court granted the defendant's motion to dismiss, but gave the debtor an opportunity to amend her complaint to invoke the *Ex parte Young* doctrine. The case of *Schmitt v. Missouri Western State College (In re Schmitt)*, 220 B.R. 68, 73–74 (Bankr.W.D.Mo.1998), involved similar facts. Although it granted the defendant college's motion to dismiss, the court discussed with approval the possibility of an *Ex parte Young* action against a state official to obtain a determination of the dischargeability of a student loan. The court distinguished the Bankruptcy Code from the statute at issue in *Seminole Tribe*.

Other courts have held that the *Ex parte Young* doctrine is not available to determine the dischargeability of student loans. *See, e.g., Stout v. United States (In re Stout)*, 231 B.R. 313 (Bankr.W.D.Mo.1999). However, the *In re Stout* line of cases has not addressed the availability of declaratory relief under the *Ex parte Young* doctrine. *See In re Kish*, 221 B.R. at 137 (citing *Coeur d'Alene*, courts have reaffirmed availability of both declaratory and injunctive relief under *Ex parte Young* doctrine); *Neary v. Commonwealth of Pennsylvania (In re Neary)*, 220 B.R. 864, 869–70 (Bankr.E.D.Pa.1998) ("doctrine does not require a plaintiff to sit by and wait for a governmental enforcement action to take place before it may act under *Young*").

■ Palm's request for a determination of the dischargeability of his income tax obligations is a claim that may be brought against an official of the Illinois Department of Revenue pursuant to *Ex parte Young*. The claim requests prospective declaratory and injunctive relief. Palm alleges that he received a discharge in his Chapter 7 case on August 8, 1997. The State of Illinois and its employees are bound by the discharge order. Dennis Stack is identified in an attachment to the complaint as the official at the Department of Revenue who has taken action to collect a debt owed by Palm. Palm alleges that the debt was discharged in his Chapter 7 case and that the collection efforts are in violation of federal law.

■ Palm's request for contempt sanctions and attorney fees, however, appears to be a claim for damages for past harm, which is beyond the scope of remedies available in an *Ex parte Young* action. Because the claims are intertwined, the complaint should be amended to limit the claim to one for a determination of dischargeability as an action under the *Ex parte Young* doctrine.

IT IS ORDERED that the motion to dismiss is granted as to defendant Illinois Department of Revenue.

IT IS FURTHER ORDERED that the motion to dismiss is granted in part and denied in part as to defendant Dennis Stack. The petition for a finding of contempt is dismissed. The motion is denied as to plaintiff's claim for a determination of dischargeability of debt.

IT IS FURTHER ORDERED that plaintiff David L. Palm shall have 21 days from the date of this order to file an amended complaint.

SO ORDERED THIS 25th DAY OF NOVEMBER 2002.